IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DISTRICT

| | | |
|---|---|---|
| **JUSTIN NIGH and JOSH SHUGLIE,** Individually and on behalf of all others similarly situated, *Plaintiffs*, | § § § § § | |
| V. | § § § | CIVIL ACTION NO. 4:18-cv-01103 JURY TRIAL DEMANDED |
| **ENERGY PROFESSIONALS GROUP, LLC and ATLANTIC ENERGY PARTNERS, LLC** *Defendants.* | § § § § § | |

### AGREED MOTION FOR APPROVAL OF
### CONFIDENTIAL SETTLEMENT AND DISMISSAL OF CLAIMS WITH PREJUDICE

Plaintiffs Justin Nigh (Nigh) and Josh Shuglie (Shuglie) (together, Plaintiffs) and Defendants Energy Professionals Group, LLC (EPG) and Atlantic Energy Partners, LLC (AEP) (together, Defendants) (collectively, the Parties), file this Agreed Motion for Approval of Confidential Settlement and Dismissal of Claims with Prejudice. The Parties' attach their confidential settlement agreement (the Agreement) hereto and under seal in support of this motion.

**I.   INTRODUCTION.**

The Parties have reached a settlement (the Settlement) of Plaintiffs' claims against Defendants for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA) and various state wage-and-hour laws. The Settlement was the result of arm's length negotiations between experienced counsel for all Parties after the Parties exchanged necessary information, including information concerning Plaintiffs' and the Opt-in Plaintiffs' dates and hours worked and amounts paid to them for services provided to EPG during the relevant time period. The terms of the Settlement are reasonable, appropriate, and fair to all Parties. Accordingly, the Parties ask this Court to approve their negotiated Settlement and enter an order dismissing Plaintiffs' and the Opt-in Plaintiffs' claims against Defendants with prejudice as provided by the Parties' agreement.

1

**II.     BACKGROUND.**

Nigh filed this putative FLSA collective action lawsuit on April 9, 2018. *See* Doc. 1. Therein, Nigh alleged that EPG misclassified him and other similarly situated workers as independent contractors and failed to pay them overtime compensation in violation of the FLSA (instead, paying them a day-rate). *Id.* Nigh sought damages from EPG for back wages, liquidated damages, attorney's fees, and costs. *Id.* EPG denied Nigh's allegations, including that Nigh and the workers he sought to represent were EPG's employees and that, if they were, they were exempt employees under the FLSA and were nevertheless not entitled to overtime compensation. *See* Doc. 8. EPG further claimed that to the extent its classification and pay practices violated the FLSA, liquidated damages were not appropriate because it acted in good faith and that a two-year statute of limitations applied based on its alleged lack of a willful violation of the FLSA. *Id.*

On October 13, 2018, the Court conditionally certified an FLSA collective action putative class consisting of "all oilfield personnel who worked for, or on behalf, of EPG in the past three (3) years who were classified as independent contractors and paid a day-rate." Doc. 26. Thereafter, the Parties distributed the Court-approved notice as directed by the Court. Following the opt-in deadline, a total of 52 individuals filed consents to join this matter as opt-in Plaintiffs. *See* Docs. 18, 29-42, 45, 47-49, 55-56.[1]

After months of hard-fought litigation, in the fall of 2018 Nigh and EPG shifted their focus from battling the merits of this case to working towards a potential resolution. In this regard, Nigh and EPG engaged in lengthy discussions relating to mediation, EPG's financial situation, and various scenarios in which a settlement could be reached and structured. After obtaining payroll and workweek

---

[1] Four individuals later voluntarily withdrew from this matter (Aaron Perkins, Lane Eubanks, James Sandoval, and Justin Barrix). *See* Docs. 60, 64, 76.

data from EPG relating to Nigh and the Opt-in Plaintiffs' days worked and rates of pay while engaged by EPG during the relevant time period, Nigh was able to formulate these workers' damages.

In early December 2018, the Nigh and EPG formally agreed to mediation, which EPG requested take place in mid-January 2019. Nigh and EPG then jointly moved to stay this case and all pending deadlines until after mediation. *See* Docs. 44, 46. Days before mediation, Counsel for EPG notified Nigh it would not attend mediation and that EPG no longer existed.

Thereafter, on March 19, 2019, Nigh moved for leave to amend his complaint to add Shuglie as a named Plaintiff and to assert claims against AEP for damages allegedly owed by EPG for damages under the FLSA under a theory of successor liability. *See* Doc. 61. Plaintiffs filed their amended complaint on April 10, 2019. Doc. 63. AEP denied all liability to Plaintiffs or the Opt-in Plaintiffs and denied it was EPG's successor. *See* Doc. 68. The Parties then engaged in extensive written discovery and took depositions on all issues relevant to this case.

In early January 2020, the Parties again initiated good faith settlement discussions to resolve EPG's alleged liability to Plaintiffs and the Opt-in Plaintiffs during the relevant time period. In this regard, the Parties engaged in lengthy discussions concerning the fact EPG no longer existed, AEP's financial situation, and various scenarios in which a settlement could be reached and structured based on the damages previously calculated by Plaintiffs' Counsel using payroll and workweek information provided by EPG. The Parties reached an agreement in principle January 13, 2020, which is incorporated in the Parties' confidential settlement agreement (Exhibit 1) for which they now seek Court approval of.

## III.   THE SETTLEMENT.

As set forth in detail in the attached Agreement, the Parties reached a settlement of behalf of Plaintiffs and the Opt-in Plaintiffs. *See* Ex. 1 (filed under seal). Plaintiffs the Opt-in Plaintiffs' pro rata settlement awards were calculated based upon records their compensation and dates of employment

3

during the relevant time. This means that Plaintiffs and the Opt-in Plaintiffs will receive a pro-rata settlement award based upon the alleged compensation owed and time worked for EPG during the relevant period. Settlement checks will be distributed to Plaintiffs and the Opt-in Plaintiffs as set forth in the Parties' Agreement. *Id.*

In exchange for these payments, Plaintiffs and the Opt-in Plaintiffs will release the Released Parties from all wage-related claims asserted or that could have been asserted in this Lawsuit. Only those individuals who have timely returned a Consent are eligible to receive a settlement payment. *See* 29 U.S.C. § 216(b) (only workers who consent in writing are part of an FLSA collective action).

The Parties further agree that the individual settlement payments to Plaintiffs and the Opt-in Plaintiffs shall constitute payment in full compromise and settlement of all Released Claims, including claims for unpaid compensation, unpaid wages or overtime wages, unpaid or miscalculated bonus payments, misclassification, liquidated or other damages, unpaid costs, penalties, premium pay, attorneys' fees, litigation costs, restitution, or other compensation or relief. These amounts shall be paid from the net settlement as set forth in the Parties' Agreement. *Id.*

## IV. ARGUMENT.

The Parties now seek the Court's approval of their Settlement. The Settlement represents a fair and reasonable compromise of a *bona fide* dispute concerning the legality of EPG's compensation practices with respect to Plaintiffs and the Opt-in Plaintiffs during the relevant time period, as well as AEP's liability, if any, under a theory of successor liability.

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D.

4

Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir. 1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda,* 2009 WL 3233405, at *1 (quoting *Lynn's,* 679 F.2d at 1354). When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a *bona fide* dispute over the FLSA's provisions. *See Lynn's Food Stores*, 679 F.2d at 1355.

### A. A *Bona Fide* Dispute Existed Between the Parties.

The Court can approve a settlement where there is a "bona fide dispute" amongst the parties. *See, e.g., Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163 (5th Cir. 2015). "The requirement of an adversarial posture between parties to a settlement agreement operates as a guarantee that employers cannot profit by coercing employees into waiving their rights, and then dressing that invalid waiver of the FLSA's protections as a valid settlement of a legal claim." *Sims v. Hous. Auth. of City of El Paso*, No. EP-10-CV-109-KC, 2011 WL 3862194, at *6 (W.D. Tex. Sept. 1, 2011). "An actual dispute over the amount of overtime compensation due to an employee [can be] sufficient to create a bona fide dispute for purposes of this factor." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018). In addition, a dispute as to whether employees were "misclassified as exempt" from the FLSA's protections can create a *bona fide* dispute. *Id.* at *2.

There is no question a *bona fide* dispute in this matter exists between the Parties. Here, the Parties fiercely contested the claims and defenses asserted in the Lawsuit. Plaintiffs alleged EPG misclassified Plaintiffs and the Opt-in Plaintiffs as independent contractors and failed to pay them overtime. Defendants argued that the Plaintiffs and the Opt-in Plaintiffs were independent contractors and were not employees of EPG. Additionally, Defendants argued that in the event of an adverse finding on employee status, that the Plaintiffs and the Opt-in Plaintiffs' job duties and compensation qualified them as exempt employees from the provisions of the FLSA.

Further, Plaintiffs argued Plaintiffs and the Opt-in Plaintiffs were similarly situated in the terms of relevant job duties and compensation practices, regardless of the length of time or location worked for EPG, while Defendants maintained the Plaintiffs and the Opt-in Plaintiffs were not similarly situated and that their claims should be tried independently of one another.

The Parties further disagreed on whether Plaintiffs could satisfy their burden to demonstrate that EPG acted willfully, which in turn affects whether he could recover compensation for two (2) years or three (3) years. *See* 29 U.S.C. § 255. Plaintiffs also contend that Defendants would not be able to meet their burden to prove that EPG acted in good faith in classifying and compensating Plaintiffs and the Opt-in Plaintiffs, which would implicate the amount, if any, of liquidated damages. *See* 29 U.S.C. § 260. Defendants maintained EPG acted in good faith, and not willfully, so that damages (if any) should not include liquidated damages and could be recovered only for a two-year period. Importantly, the Parties vehemently disagreed whether AEP is liable for any damages owed by EPG as EPG's successor.

As such, the current settlement before the Court is the result of a *bona fide* and contested dispute where serious questions of law and fact exist that place the ultimate outcome of the litigation (and who would be on the hook for the check) in doubt. Without the Parties' willingness to engage in settlement discussions, this case would have not been resolved.

**B. The Settlement is Fair and Reasonable.**

"There is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, Case No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010) (citing *Camp v. Progressive Corp.*, Case Nos. 01-2680, 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)). In addition, the fact "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

6

Here, the Agreement was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Counsel for all Parties have considerable experience in prosecuting, defending, and settling federal and state wage-and-hour claims, and in this case were particularly well informed as to the facts and circumstances of the Lawsuit after extensive formal and informal discovery on all issues over the life of this litigation. *See Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977) (holding that the court is "entitled to rely upon the judgment of experienced counsel for the parties" in assessing a settlement and "absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel"); *Shaw v. CAS, Inc.*, No. 5:17-cv-142, 2018 WL 3621050, at *3 (S.D. Tex. Jan. 31, 2018) (preliminarily approving settlement where counsel believed settlement was reasonable and adequate based on "comprehensive knowledge of the facts and legal issues"); *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *4 (E.D. La. Aug. 28, 2009) ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a . . . settlement.") (internal citations omitted); *see also Austin v. Pa. Dep't of Corrs.*, 876 F.Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659, 667 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446, 452 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

This case has been on file for nearly two years. Both informal and formal discovery occurred on multiple issues (i.e., FLSA liability, damages, successor liability, etc.) which informed the Parties' respective positions on all issues in this case. Extensive motion practice also occurred. And after the Parties reached an agreement in principle, the Parties engaged in further negotiations concerning the

7

specific terms of the settlement and the scope of the Agreement. Indeed, it cannot be gainsaid that the settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard-fought negotiations.

Further, it is important to note that Nigh and Shuglie, the representative plaintiffs on behalf of their former coworkers, deems this settlement fair and reasonable. Nigh and Shuglie took an active role in this matter and stayed informed on the status of the matter. This is the agreement that the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) ("[T]he court cannot modify the bargained-for terms of the [class-action] settlement agreement.").

### C. The Attorney's Fee Award to Plaintiffs' Counsel is Reasonable.

Class Counsel's request for a 40% contingency fee is also fair and reasonable and Defendants do not oppose such an award. The Fifth Circuit recognizes that a contingency fee is desirable because it is predictable, encourages settlement, and reduces incentives for protracted litigation. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643-44 (5th Cir. 2012. Within the Fifth Circuit, customary contingency fees for class funds have ranged from 33.33% to 50%. *See In re Bayou Sorrel Class Action*, No. 6:04CV1101, 2006 WL 3230771, at *1 (W.D. La. Oct. 31, 2006). In FLSA cases such as this, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (awarding a 40% contingency fee award in an FLSA matter); *Wolfe v. Anchor Drilling Fluids USA, Inc.*, Case No. 4:15-cv-1344 (S.D. Tex. Dec. 7, 2015) (Hoyt, J.) (40% fee); *Legros v. Mud Control Equip., Co.*, No. CV 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (same); *Heffernan Bryant v. United Furniture Indus., Inc.*, No. 1:13CV246-SA-DAS, 2017 WL 639320, at *5 (N.D. Miss. Feb. 16, 2017) (same).

Further, this is the agreement the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) (holding, in a class action, "the court cannot modify the bargained-for terms of the settlement agreement"); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), *reh'g en banc denied sub nom. In re Deepwater Horizon—Appeals of the Economic and Property Damage Class Action Settlement*, 756 F.3d 320 (5th Cir. 2014), *cert. denied sub nom. BP Exploration & Prod, Inc. v. Lake Eugenie Land & Dev., Inc.*, 135 S.Ct. 754 (2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526 (E.D. La. Jan. 23, 1996) (overruling the magistrate's modification to consent judgment because courts lack authority to modify a settlement agreement). Courts have found that "any process of judicial review and approval of stipulated attorneys' fees in the event of a settlement of civil rights litigation is more deferential than resolving attorneys' fees in a disputed case." *See, e.g., Melgar v. OK Foods*, 902 F.3d 775 (8th Cir. 2018) (reversing district court's reduction of attorney fees from the agreed-upon settlement amount in an FLSA action).

This case has been ongoing for nearly two years. Extensive formal and informal discovery has occurred on every issue in this case ranging from conditional certification, exemption defenses, the economic realities test, successor liability, and damages. Plaintiffs' Counsel has spent considerable time prosecuting this matter concerning both EPG's liability to Plaintiffs and the Opt-in Plaintiffs for damages under the FLSA, as well as AEP's liability, if any, for EPG under alter ego and successor liability. All Parties, including the Representative Plaintiffs, believe a fee of 40% is reasonable and

9

necessary in this case (in addition to Class Counsel's request for reimbursement for reasonable and necessary expenses associated with prosecuting this matter as set forth in the Agreement).

## V.     CONCLUSION.

The Parties believe that the terms and conditions of the Agreement are fair, reasonable, adequate, and in the best interests of all Parties. As noted above, this proposed Agreement was reached following the exchange of information and data obtained from EPG and after extensive negotiations. Because of the various defenses asserted by Defendants and the possibility that Defendants may have successfully defeated or limited some or all of Plaintiffs' and the Opt-in Plaintiffs' claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, as well as issues related to the fact EPG no longer exists and AEP's liability, if any, for damages allegedly caused by EPG as its successor entity, the Parties believe that the settlement represents a fair compromise of a *bona fide* dispute. Moreover, given the strong likelihood that absent a settlement this case would have proceeded to trial, a compromise of the claims prevents all Parties from incurring the additional costs and delay associated with trial and possible appeal.

The Parties hereby request that the Court: (1) approve this settlement, including all of the terms set forth in the Agreement; (2) allow the Agreement and all related documents to be filed under seal; (3) direct the Parties to implement the settlement process as set forth in the Agreement; and (4) dismiss the claims of Plaintiffs and the Opt-in Plaintiffs with prejudice.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
    **Michael A. Josephson**
    State Bar No. 24014780
    Federal ID No. 27157
    **Andrew W. Dunlap**
    State Bar No. 24078444
    Federal ID No. 1093163
    **JOSEPHSON DUNLAP, LLP**

>11 Greenway Plaza, Suite 3050
>Houston, Texas 77005
>713-352-1100 – Telephone
>713-352-3300 – Facsimile
>mjosephson@mybackwages.com
>adunlap@mybackwages.com
>
>**AND**
>
>**Richard J. (Rex) Burch**
>Fed. Id. 21615
>State Bar No. 24001807
>**BRUCKNER BURCH, PLLC**
>8 Greenway Plaza, Suite 1500
>Houston, Texas 77046
>Tel: (713) 877-8788
>Fax: (713) 877-8065
>rburch@brucknerburch.com

By: */s/ Carmen Jo Rejda-Ponce*
>**Larry J. Simmons – Attorney-in-Charge**
>State Bar No. 00789628
>Federal I.D. No. 18830
>ljsimmons@germer.com
>**Carmen Jo Rejda-Ponce – Of Counsel**
>State Bar No. 24079149
>Federal I.D. No. 1366666
>crejdaponce@germer.com
>**GERMER PLLC**
>2929 Allen Parkway, Suite 2900
>Houston, TX 77019
>(713) 650-1313 – Telephone
>(713) 739-7420 – Facsimile
>
>**COUNSEL FOR DEFENDANT,**
>**ATLANTIC ENERGY PARTNERS, LLC**

By: */s/ Matthew D. Walker*
>**Matthew D. Walker – Attorney-in-Charge**
>State Bar No. 24075762
>walker@litchfieldcavo.com
>**LITCHFIELD CAVO, LLP**
>One Riverway, Suite 1000
>Houston, TX 77056
>(713) 418-2000 – Telephone

11

(713) 481-2001 – Facsimile

**COUNSEL FOR DEFENDANT,
ENERGY PROFESSIONALS GROUP, LLC**

## CERTIFICATE OF SERVICE

    I served a copy of this document on all counsel of record via the Court's ECF system on March 9, 2020.

*/s/ Andrew W. Dunlap*
**Andrew W. Dunlap**